### DICKINSON v. EARLE et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. REFERENCE—ORDER—VALIDITY.
   After an action brought by an assignee for the· benefit of creditors to obtain a judicial settlement of his account was on the special term calendar, part 3, for trial, it was agreed by stipulation between the attorneys that it should be referred; the referee to be appointed by the court in case of a failure of the attorneys to agree upon one. No agreement having been made, an order to show cause was obtained, returnable at part 1, for the appointment of a suitable person; and on the return it was sent to part 6 of the special term, where the referee was appointed. *Held*, on appeal, that while, seemingly, the better practice is to have the order of reference made by the same judge who presided in the part where the cause regularly came on for trial, and was marked "referred," the course actually pursued was not, under the circumstances, fatal to the order.

2. ASSIGNMENT FOR CREDITORS—ACCOUNTING BY ASSIGNEE.
   Where an accounting in the supreme court is substituted for one under a general assignment act, it is proper that the same rules providing for advertising for claims, and notice to creditors, should be followed.

3. REFERENCE—NOTICE OF HEARING.
   In such an action an order providing that the hearing may be brought on upon eight days' notice is improper; for, there being an issue to be tried, the code provision for 14 days' notice of trial is applicable.

4. SAME—RECITALS OF ORDER.
   In such an action a recital in the order of reference that notice of the first hearing should be given to the defendants, "which notice shall be deemed sufficient, for the reason that the defendant E. claims to own by assignment all the claims against the assigned estate," should be stricken out; for it is a mere assertion of a claim, and is one of the matters to be disposed of upon the reference.
   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Charles C. Dickinson, assignee for the benefit of creditors, against Eugene M. Earle and others. From an order appointing a referee, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Elbert Crandall, for appellants.
H. D. Luce, for respondent.

O'BRIEN, J. This action was brought to obtain a judicial settlement of the accounts of the plaintiff as assignee for the benefit of

creditors. After answers, the cause was on the special term calendar, part 3, for trial; and by stipulation between the attorneys it was agreed that it should be referred,—the attorneys to have five days to agree upon a referee, and, if they did not then agree, a referee was to be appointed by the court. The attorneys not having agreed, an order to show cause was obtained, returnable at part 1, to have some suitable person appointed as referee; and on the return day it was sent in to part 6 of special term, where it was heard, and disposed of by the appointment of a referee.

The main question here is one of practice; the insistence being that, as the case had been before the judge in part 3, he was the only one who could make the order. The stipulation of the attorneys required that the order should be made by the court; and while, seemingly, the better practice is to have the order of reference made by the same judge who presided in the part where the case regularly came on for trial, and was marked "referred," this was not fatal to the order. The stipulation, in terms, did not provide for an appointment by any particular judge, but provided that in case of disagreement the appointment should be made by the court, which was finally done.

Some of the objections to the form of the order should be sustained. Where an accounting in the supreme court is substituted for one under the assignment act, it is proper that the same rules providing for advertising for claims and notice to creditors should be followed. The provision that the hearing could be brought on upon 8 days' notice is improper, for the reason that, there being an issue to be tried, the Code provides for 14 days' notice of trial of such an issue. The further recital in the order that notice of such first hearing shall be given to the defendants or their attorneys, "which notice shall be deemed sufficient, for the reason that the defendant May S. Earle claims to own by assignment all claims against the assigned estate," etc., should be stricken out. This is a mere assertion of a claim, and is one of the matters to be disposed of upon a reference.

The order should be modified accordingly, by striking out the provisions referred to, without costs. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. I dissent. The order for reference should have been made by the justice before whom the case came on the calendar.